107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. DeMONTE, Defendant-Appellant.
 No. 96-16535.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Joseph A. DeMonte appeals pro se the district court's order denying his Fed.R.Crim.P. 41(e) motion for return of seized property taken during a search conducted by the United States Probation Office. DeMonte's probation subsequently was revoked and the seized property was transferred to the Federal Bureau of Investigations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because there were no criminal proceedings pending against DeMonte at the time he filed his motion for return of property, it appears from the record that the district court treated the motion as a civil equitable proceeding. See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993) ("Ordinarily, Rule 41(e) is used to seek the return of seized property after an indictment has been issued."). We review the district court's decision to exercise its equitable jurisdiction under Rule 41(e) for abuse of discretion. Id.
 
 
 4
 Because it appears that DeMonte lacked an adequate legal remedy for the return of his property, the district court did not abuse its discretion by exercising its equitable jurisdiction over the motion. See id. at 325 (stating that district court should consider, among other factors, whether the movant has an adequate remedy at law for the redress of his grievances).
 
 
 5
 The district court denied in part DeMonte's motion, concluding that the government had a legitimate reason for retaining DeMonte's property in connection with an ongoing federal criminal investigation. Given the government's assertion of an ongoing federal investigation, we find no abuse of discretion in the district court's decision. See id. at 326 ("The United States' retention of the property generally is reasonable if it has a need for the property in an investigation or prosecution.").
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3